UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**GAME CRAFT, LLC and SWEENEY HOLDINGS, LLC,**

        Plaintiffs,

v.                                               Case No:   6:14-cv-243-Orl-28KRS

**VECTOR PUTTING, LLC, MICHAEL SCHY and DAVID BALBI,**

        Defendants.

---

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT DAVID BALBI, AN INDIVIDUAL, MOTION TO DISMISS (Doc. No. 36)** |
| **FILED:** | April 14, 2014 |

| | |
|---|---|
| **MOTION:** | **DEFENDANT MICHAEL SCHY, AN INDIVIDUAL, MOTION TO DISMISS (Doc. No. 39)** |
| **FILED:** | April 15, 2014 |

**I.    PROCEDURAL HISTORY.**

The present case arises from the litigation in *Game Craft, LLC v. Vector Putting, LLC*, Case No. 6:12-cv-51-Orl-28KRS ("*Game Craft I*"). In the complaint in that case, Plaintiffs Game Craft, LLC d/b/a AimPoint Technologies ("AimPoint Technologies") and Sweeney Holdings, LLC ("Sweeney Holdings") alleged that Defendants Vector Putting, LLC ("Vector Putting"),

Michael Schy and David Balbi violated the Lanham Act, 15 U.S.C. § 1125(a), and engaged in unfair competition, conversion and tortious interference in violation of Florida law. *Game Craft I*, Doc. No. 1. All Defendants appeared through counsel and responded to the complaint.

In June 2013, the parties filed a joint motion for approval of a settlement agreement and entry of a final money judgment and a final order that included a permanent injunction under the terms agreed to by the parties in the settlement agreement. *Id.*, Doc. No. 99; Doc. No. 99-1 ("Settlement Agreement"). The Honorable John Antoon, II, the presiding district judge, did not approve or disapprove the Settlement Agreement. He issued a Final Order and Permanent Injunction pursuant to the parties' agreement. *Id.*, Doc. No. 101 ("Final Order"). In the Final Order, he included the permanent injunction agreed to by the parties and directed the Clerk of Court to issue the money judgment agreed to by the parties. *Id.* The Clerk of Court entered a Judgment in a Civil Case on July 2, 2013, *id.*, Doc. No. 102 ("Judgment"). The Judgment did not incorporate the terms of the permanent injunction explicitly or by incorporation. *Id.* Thereafter, the case was closed.

On January 9, 2014, Plaintiffs filed a motion to reopen *Game Craft I* in order to seek enforcement of the permanent injunction contained in the Final Order and the Settlement Agreement and to obtain sanctions against Defendants. *Id.*, Doc. No. 104. Judge Antoon denied the motion because "[t]he Court did not retain jurisdiction to enforce either the Judgment or the Permanent Injunction." *Id.*, Doc. No. 106.

Thereafter, AimPoint Technologies and Sweeney Holdings filed the complaint in the present case against Vector Putting, Schy and Balbi pursuant to this Court's diversity jurisdiction, 28 U.S.C. § 1332. Doc. No. 1 at 1-2. In Count I of the complaint, Plaintiffs seek enforcement of the Settlement Agreement and permanent injunction included in the Final Order in *Game Craft I*.

*Id.* at 13-15. In Count II of the complaint, Plaintiffs seek a declaration of the rights, duties and obligations of the parties under the Settlement Agreement, Final Order and Judgment issued in *Game Craft I*. *Id.* at 15-17. Plaintiffs filed a number of exhibits in support of the complaint, including a Declaration of Mark Sweeney. *See* Doc. Nos. 1-2 to 1-9.

Defendant Vector Putting did not respond to the complaint. Pursuant to a motion filed by Plaintiffs, the Clerk of Court has entered a default against Vector Putting. Doc. Nos. 42, 45.

Defendants Balbi and Schy appeared *pro se*. Each of them filed a motion to dismiss the complaint for failure to state a claim. Plaintiffs have responded to those motions. Doc. Nos. 43, 44. These motions have been referred to me for issuance of a Report and Recommendation.

## II. APPLICABLE LAW.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In lieu of filing an answer to a complaint, the defendant may move to dismiss the complaint for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under Rule 12, the movant bears the burden of demonstrating that no claim has been stated on which relief can be granted. *Larsen v. AirTran Airways, Inc.*, No. 8:07-cv-442-T-17TBM, 2007 WL 2320592, at *3 (M.D. Fla. Aug. 10, 2007).

The United States Supreme Court has held that a court should follow a two-pronged approach in evaluating the sufficiency of a complaint: a court should (1) identify and eliminate any allegations in the complaint that are mere legal conclusions, and (2) accept as true all well-pleaded factual allegations and determine whether they "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679-81 (2009). A claim is facially plausible when a court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). In deciding a motion to

dismiss for failure to state a claim, the Court must accept all well-pleaded factual allegations as true and take them in the light most favorable to the plaintiff. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). In determining whether to grant a Rule 12(b)(6) motion, the Court may take into account matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *Jackson v. Bellsouth Telecomms., Inc.*, No. 00-7558-CIV, 2002 WL 34382751, at *3 (S.D. Fla. June 4, 2002) (quoting *Watson v. Bally Mfg. Corp.*, 844 F. Supp. 1533, 1535 n.1 (S.D. Fla. 1993)).

**III. ALLEGATIONS IN THE COMPLAINT AND ATTACHED DOCUMENTS.**

Plaintiffs allege that Sweeney Holdings developed technology to predict the optimum putting parameters and trajectories from any point on a putting green, referred to as the "AimPoint Green Reading System." Doc. No. 1 at 3. Sweeney Holdings and AimPoint Technologies then registered patents, copyrights, trademarks and title to the AimPoint Green Reading System, the AimPoint Certification Program, the AimPoint Mark, the AimPoint Brand, and all AimPoint teaching and instructional materials. *Id.* In 2010, Balbi and Schy applied for, and were accepted into, the AimPoint Certification Program, with Balbi and Schy each becoming AimPoint certified instructors. While Balbi and Schy were AimPoint certified instructors, they misappropriated AimPoint's proprietary data and used it to create a competing green reading product called Break Line Charts, and competing brands called Vector Putting and Vector Green Reading. *Id.* at 4-5. Balbi and Schy then engaged in false advertising about the origin and development of the Vector Putting products. *Id.* at 5.

After entry of the Final Order, Plaintiffs allege that Defendants violated the permanent injunction by using marketing and promotional materials that contain false and deceptive statements regarding Defendants' products, services and methodologies, including references to

Col. Templeton as inventor of Defendants' products and statements that Vector products are "the 'first scientifically proven Green Reading System in Golf.'" *Id.* at 9-10. Also in violation of the permanent injunction, Defendants' websites continue to falsely state that Mark Sweeney is a plagiarist, and contain false statements regarding Defendants' products, services and methodologies. *Id.* at 10-11. Defendants' products and promotional materials also continue to falsely state that: (1) Col. Templeton introduced the term "Aim Point," (2) Vector is "the only system approved by the USGA and R&A," and (3) Vector is "the first green reading system conforming to the USGA and the R&A rules of golf." *Id.* at 12-13.

Plaintiffs served written demands to cease and desist this conduct on Defendants on August 22, 2013 and September 11, 2013. *Id.* at 13. Defendants have not complied with these demands.

**IV.   ANALYSIS.**

In their motions to dismiss, Balbi and Schy contend that they have not infringed any intellectual property owned by Plaintiffs or otherwise engaged in unfair competition. These arguments are not well taken because the Court has not reopened *Game Craft I*. Rather, the question in this case is whether the complaint states claims on which relief can be granted. Nevertheless, because Balbi and Schy are proceeding *pro se*, I will review each cause of action applying the legal standard applicable to motions to dismiss for failure to state a claim.

    A.    *Count I – Action to Enforce Permanent Injunction and Settlement Agreement.*

In Count I, Plaintiffs ask the Court to enforce the permanent injunction contained in the Final Order and award damages provided for in the Settlement Agreement. This cause of action fails to state a claim on which relief can be granted.

Injunctions are enforced through a district court's civil contempt power. *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 829 (11th Cir. 2010). If a party contends that another party is violating an injunction, the aggrieved party should file a motion in the case in which the injunction was issued for an order to show cause why the other party should not be held in civil contempt. *Id.* Plaintiffs have cited no authority for the proposition that a court may enforce a permanent injunction issued in an earlier case in subsequent, independent litigation.

Furthermore, a court need not reserve jurisdiction to enforce an injunction included in a final order issued pursuant to a private settlement agreement between the parties to the litigation. *Cf. Perry-Bey v. City of Norfolk*, 678 F. Supp. 2d 348, 385-86 (E.D. Va. 2009)(discussing cases in which judges did not reserve jurisdiction to enforce injunctions). Because the Court in *Game Craft I* expressly did not reserve jurisdiction to enforce the Settlement Agreement and the permanent injunction included in the Final Order is not incorporated in the Judgment, there appears to be no basis for the agreed permanent injunction to be enforced in this case. Accordingly, Count I does not state a viable cause of action. *See id.* at 380 n.26.

Plaintiffs may be able to enforce the Settlement Agreement, including the injunctive language agreed to therein, through a breach of contract claim. General principles of state contract law govern a settlement agreement between two private parties, even when the settlement agreement arose in federal litigation. *Resnick v. Uccello Immobilien GMBH, Inc.*, 227 F.3d 1347, 1350 (11th Cir. 2000). Count I of the complaint as presently pleaded cannot be construed as stating a plausible claim for breach of contract, however, because Plaintiffs do not allege that specific provisions of the Settlement Agreement were breached. Therefore, Count I is due to be dismissed with leave to file an amended complaint asserting a breach of the Settlement

Agreement, including breach of the injunctive language consented to by Defendants in the Settlement Agreement.

>    B.    Count II – Declaratory Relief.

Plaintiffs seek declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. In order to obtain declaratory relief, a party must bring an action for a declaratory judgment. *Thomas*, 594 F.3d at 830. The requirements of pleading and practice in actions for declaratory judgment are the same as other civil actions. *Id.* (quoting 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2768 (3d ed. 1998)). Such a claim is properly pleaded when it is alleged that:

> (1) there is a bona fide dispute between the parties; (2) the plaintiff has a justiciable question as to the existence or non-existence of some right, status, immunity, power or privilege, or as to some fact upon which the existence of such right, status, immunity, power or privilege does or may depend; (3) the plaintiff is in doubt as to the right, status, immunity, power or privilege; and (4) there is a bona fide, actual, present need for the declaration.

*Nielson Golden Crab Fishery v. Butterworth*, No. 10-cv-61091-CIV, 2011 WL 3293357, at *2 (S.D. Fla. Aug. 1, 2011).

Here, Plaintiffs have alleged a facially plausible claim for declaratory relief. Plaintiffs allege that Defendants are violating the terms of the Settlement Agreement and that they refused to cease and desist these violations in response to letters demanding that they do so. Plaintiffs also allege a justiciable question as to the right to invoke the provisions of the Settlement Agreement. Among other things, Plaintiffs seek a declaration that, under the terms of the Settlement Agreement, they are entitled to execute on the Final Judgment from *Game Craft I* and seek all unpaid amounts, including interest, under the Settlement Agreement. *Id.* at 17. Accordingly, Plaintiffs have alleged a facially plausible claim for declaratory relief in Count II of the complaint.

V.   **RECOMMENDATION.**

For the reasons set forth above, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** the motions to dismiss Count I of the complaint and **DENY** the motions to dismiss Count II of the complaint (Doc. Nos. 36, 39).   I further recommend that the Court give Plaintiffs leave to file an amended complaint by a date established by the Court, failing which the case will proceed only on the cause of action alleged in Count II of the complaint.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 25, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties
Courtroom Deputy