# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GAME CRAFT, LLC and SWEENEY
HOLDINGS, LLC,**

      **Plaintiffs,**

**v.**                            **Case No:   6:14-cv-243-Orl-28KRS**

**VECTOR PUTTING, LLC, MICHAEL
SCHY and DAVID BALBI,**

      **Defendants.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' SECOND AMENDED AND RESTATED MOTION FOR ATTORNEYS' FEES AND COSTS AND FOR OTHER RELIEF (Doc. No. 111)** |
| **FILED:** | **August 1, 2016** |

## I.    BACKGROUND.

Plaintiffs created and own a system called AimPoint, "through which one can accurately

predict optimum putting parameters and putt trajectories from any point on a golf-green to any other

point on that golf-green."  Doc. No. 82 at 3.  Defendants Michael Schy and David Balbi became

certified AimPoint instructors in 2010.  *Id.* at 4.[1]  While they were certified AimPoint instructors,

Schy and Balbi developed and marketed a competing product through Defendant Vector Putting,

LLC ("Vector").  *Id.* at 4–5.  Defendants' competing product was created using Plaintiffs'

---

[1] Throughout this document, page references are to the page numbers assigned by CM/ECF, not to
the page numbers on the original documents.

proprietary data and business methods.   *Id.* at 5.   Plaintiffs filed *Game Craft I*, alleging violations of Section 43 of the Lanham Act, unfair competition, conversion, and tortious interference with prospective economic advantage.   *Id.* at 5.

On June 27, 2013, the parties entered into a Settlement Agreement, settling all claims in *Game Craft I*.   Doc. No. 82-2.   United States District Judge John Antoon II, who was then the presiding judge, granted the parties' Joint Motion for Final Order and Judgment Approving Settlement Agreement and Permanent Injunction in part and entered a Final Order and Permanent Injunction (the "Permanent Injunction").   Doc. No. 82-1, at 2–4.   In accordance with the terms of the Permanent Injunction, the Court granted the parties' request for a consent judgment (*id.* at 2–3), which was subsequently issued by the Clerk.   Doc. No. 82-3.

Plaintiffs filed this second case, *Game Craft II*, after Judge Antoon denied their request to reopen *Game Craft I* to enforce the Permanent Injunction and obtain further declaratory relief. Doc. No. 1, at 13–18.   Vector failed to appear in this case, and a clerk's default was entered against it on April 30, 2014.   Doc. No. 45.   Default judgment was entered against Vector on April 15, 2015.   Doc. No. 74.   In granting default judgment, the Court determined that Vector violated sections 3.1.1.4(i) and (iv) of the Settlement Agreement, that Plaintiffs were entitled to a declaratory judgment that Vector was in violation of the Permanent Injunction, and that Plaintiffs were entitled to execute on the consent judgment.   *Id.*

Defendants Schy and Balbi initially appeared *pro se* and filed motions to dismiss.   Doc. Nos. 36, 39.   The Complaint was dismissed, and Plaintiffs filed an Amended Complaint and a Motion for Summary Judgment.   Doc. Nos. 68, 70. Defendants Schy and Balbi did not respond to either of those filings, but the Court nevertheless denied the motion for summary judgment against them after finding Plaintiffs failed to establish personal liability for any of the alleged violations. Doc. No. 74 at 13–15.   The Court granted Plaintiffs leave to amend the Amended Complaint, which Plaintiffs did on May 20, 2015.   Doc. No. 82.   Neither Defendant Schy nor Defendant Balbi timely

2

responded to the Second Amended Complaint.   Taking note of the fact that both Defendants appeared to have abandoned the litigation and violated several Court Orders in doing do, the Court ordered that Clerk's defaults be entered against both.   Doc. No. 85 at 2, 6.

A Clerk's Default was entered against Balbi on June 15, 2015, pursuant to Federal Rule of Civil Procedure 16, as a sanction for his failure to comply with the Court's Orders.   Doc. No. 87. Balbi did not seek to set aside the Clerk's Default, but instead filed a motion to dismiss the claims against him.   Doc. No. 90.   The Court struck his motion as improper, in light of the default.   Doc. No. 92.

Having already obtained default judgment against Vector, Plaintiffs moved for entry of default judgment against Schy and Balbi.   Doc. No. 89.   That motion was granted in part and denied in part on December 18, 2015, with the Court finding that Plaintiffs were entitled to entry of default judgment against Balbi for breach of Section 3.1.1.2 of the Settlement Agreement and that they were entitled to a declaratory judgment declaring that Balbi was in violation of the Settlement Agreement.   Doc. No. 97.   The Order further provided that a declaratory judgment be entered in Plaintiffs' favor against Vector for violating the Permanent Injunction.   *Id.*

Plaintiffs filed a Motion for Attorneys' Fees and Costs on January 4, 2016.   Doc. No. 101. Balbi subsequently filed a Notice of Appeal on January 20, 2016.   Doc. No. 102.   In light of the appeal, the Court denied the Motion for Attorneys' Fees and Costs without prejudice, pending the outcome of the appeal.   Doc. No. 104.   The U.S. Court of Appeals for the Eleventh Circuit entered its corrected mandate dismissing the appeal on July 11, 2016.   Doc. No. 108.

On August 1, 2016, Plaintiffs filed the instant motion.   Defendants Vector and Balbi, to whom the motion is directed, have not responded to the motion, and the time for them to do so has passed.   The presiding District Judge referred the motion to me for issuance of this Report and Recommendation, and the matter is now ripe for review.

## II.      DISCUSSION.

Plaintiffs' motion presents two separate requests to the Court.   First, Plaintiffs ask that the Court award them $155,560.00 in attorneys' fees.   Doc. No. 111, at 24.   Second, Plaintiffs ask that the Court award them $15,680.25 in costs.   *Id.* at 27.   I will address each of these requests in turn.

### A.      *Plaintiffs Should Be Awarded $140,004.00 in Attorneys' Fees.*

Because this is a diversity case arising under Florida law, Florida law determines whether the Court should award Plaintiff attorneys' fees.   *See Pavasini Constr. Co. (SE) v. Ace Am Ins. Co.*, 161 F. Supp. 3d 1227, 1237 (S.D. Fla. 2015).   "Under Florida law, each party generally bears its own attorneys' fees unless a contract or statute provides otherwise."   *United States v. Pepper's Steel & Alloys, Inc.*, 289 F.3d 741, 742 (11th Cir. 2002), *certified question answered*, 850 So. 2d 462 (Fla. 2003).

In the orders granting default judgment in Plaintiffs' favor, the Court determined that Balbi and Vector were in breach of the Settlement Agreement.   Doc. No. 97, at 5-9.   The Agreement provides in relevant part:

> 5.9 . . . AimPoint Technologies and Sweeney Holdings shall be entitled to recover all attorneys' fees and costs incurred in enforcing any provision of this Settlement Agreement including, without limitation, all trial and appellate fees.   AimPoint Technologies and Sweeney Holdings shall also be entitled to declaratory relief, injunctive relief and other equitable relief which is necessary or appropriate to grant AimPoint Technologies and Sweeney Holdings complete relief in any claim for breach or for enforcement of this Settlement Agreement.
>
> 3.1.1.3 . . . If Vector Putting, Schy and Balbi refuse to cooperate in the prosecution of any claims against Hartford Insurance Company or violate the Permanent Injunction, AimPoint Technologies and Sweeney Holdings shall be entitled to execute on the Consent Final Judgment and seek all unpaid amounts including interest (at the highest rate allowable by law), costs and attorneys' fees . . . .

Doc. No. 82-2, at 5, 10-11.   Based on these provisions in the Settlement Agreement, I recommend that the Court find Plaintiffs are entitled to recover attorney's fees from Balbi and Vector as a result of the default judgment against Defendants.

4

Just as a federal court must apply state law to determine whether a party is entitled to fees, it must also apply state law in determining the reasonableness of fees.  *See Trans Coastal Roofing Co. v. David Boland, Inc.*, 309 F.3d 758, 760 (11th Cir. 2002).   The Florida Supreme Court has adopted the federal lodestar method as the starting point for determining reasonable attorneys' fees. *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985).   Under the lodestar method, a court must multiply the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services to reach the sum referred to as the "lodestar." *Ass'n of Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006) (per curiam). "The court may then adjust the lodestar to reach a more appropriate attorneys' fee, based on a variety of factors, including the degree of the plaintiff's success in the suit."  *Id.*

The fee applicant bears the burden of supplying the court with specific and detailed evidence from which it may determine the reasonable fee.  *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).   A court may also, however, use its knowledge and experience to determine the reasonable and proper fees to award.  *Id.*

With respect to the customary fee, Plaintiffs have filed the declaration of William B. Pringle III, Esq., their counsel of record.   Doc. No. 111, at 6-8.   They have also submitted the declaration of Douglas C. Bowdoin, Esq.[2]  *Id.* at 28-61.   Attorney Bowdoin is a member of the Florida Bar and has practiced law in Florida for thirty-four years.  *Id.* at 59.   He is personally familiar with Attorney Pringle and represents that Pringle has been licensed in Florida and practicing civil litigation for twenty-six years.  *Id.* at 60.   He analyzed the pleadings in this case as well as Attorney

---

[2] Plaintiffs have also attached to their motion an Affidavit as to Reasonable Fees and Costs Expended by Attorneys of Record from Frederick S. Fields, Esq.   Doc. 111 at 28-57.   Attorney Fields is a partner in the firm of Coblentz Patch Duffy & Bass LLP in San Francisco, California.  *Id.* at 28.   He and his firm represent Plaintiffs in litigation with The Hartford Insurance Company.  *Id.* at 28-29.   It is not clear why this affidavit and supporting documentation was included in the instant motion.   But to the extent Plaintiffs submitted the documentation for the purpose of recovering their attorneys' fees in that case, they have presented no basis for a federal court to award attorneys' fees for a separate case litigated in state court.  *See infra* at 7.

Pringle's time records and opines that a rate between $400.00 and $450.00 is a reasonable rate for Attorney Pringle. *Id.* I recommend based on this evidence that the Court find that $400.00 is a reasonable rate for an attorney with Pringle's experience in this case in the absence of objection. *See Kratom Lab, Inc. v. Mancini*, No. 11-80987-CIV-MARRA, 2013 U.S. Dist. LEXIS 182410, at *8 (S.D. Fla. Dec. 3, 2013) (a fee opponent's failure to lodge specific objections to an attorney fee request is generally viewed as fatal), *adopted by id.*, Doc. No. 92 (S.D. Fla. Jan. 17, 2014).

Attorney Pringle has submitted time records showing 388.9 total hours expended on the case from July 2, 2013 to June 18, 2015. Although Defendants have not objected to the time entries, I find that there is some basis for scrutinizing them. At the outset, I note that Plaintiffs have not offered the Court any indication that their counsel exercised sound billing judgment prior to the submission of their motion. *See generally Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)) ("[B]efore the attorneys submit their fee request, they must exercise their own billing judgment to exclude any hours that are 'excessive, redundant, or otherwise unnecessary.'"). Attorney Pringle states in his declaration that the 388.9 hours do not include "additional time for preparation and attendance at the hearing on Plaintiffs' Motion for Default Judgment." Doc. 111 at 7. Beyond those excluded (and unenumerated) hours, neither the timesheets nor his declaration indicate that he excluded any other time from the instant request or otherwise ensured that the hours recorded were not excessive or redundant. As such, it is appropriate to question the reasonableness of the total number of hours claimed billed by Attorney Pringle.

Upon review, I find that some, although not all, of Plaintiff's entries are impermissibly vague. For example, some of the time entries span multiple days engaged in the same task. And although the "review and analysis" of documents is a necessary aspect of litigation, there are many such entries on Attorney Pringle's timesheets, with little in the way of meaningful detail explaining specifically what was reviewed and analyzed. Without such specificity, the timesheets leave me

ill-equipped to assess whether those entries, in whole or in part, reflect redundant or unnecessary work, or whether the time attributed to those entries was excessive.[3]

I also note that the time sheets include work on separate litigation between Plaintiffs and The Hartford Casualty Insurance Company (the "Hartford litigation").  *See, e.g.,* Doc. No. 111, at 15-18.   Plaintiffs have not presented any law supporting an award of attorneys' fees in this case for work performed in the Hartford litigation.

Accordingly, I find that an across-the-board reduction is warranted.  *See Hepsen v. J.C. Christensen & Assocs.*, 394 F. App'x 597, 600–01 (11th Cir. 2010) (per curiam) (cited as persuasive authority) (affirming an across-the-board reduction based, in part, on vague time entries); *see also Brown v. Lambert's Café III, Inc.*, No. CA 15-0029-CG-C, 2016 U.S. Dist. LEXIS 9194, at *33–34 (S.D. Ala. Jan. 27, 2016) (implementing an across-the-board cut based on vague time entries and a failure to exercise billing judgment).   After careful review of Plaintiff's timesheets, and bearing in mind that Defendants have not responded to offer any objections to the fee request, I recommend that the Court make a 10% across-the-board reduction of the hours worked by Attorney Pringle to bring the request into the realm of reasonableness.   With this reduction, the reasonable number of hours worked by Attorney Pringle is 350.01.[4]

On this basis, multiplying 350.01 hours by a rate of $400.00, I recommend that the Court award Plaintiffs $140,004.00 in attorney's fees.

B.      *The Court Should Award Plaintiffs Taxable Costs.*

Federal Rule of Civil Procedure 54(d)(1) provides that a court should award costs — other than attorneys' fees — to a prevailing party.   However, a court does not have unbridled discretion

---

[3] For instance, the timesheets indicate a total of 54.8 hours devoted to "Preparation regarding Motion for Sanctions to Enforce Permanent Injunction and Settlement Agreement Memorandum of Law" without always detailing the specific tasks encompassed in such preparation.   Without more detailed descriptions, I cannot determine whether any of this time was duplicative or redundant.

[4] Computed as follows:   388.9 hours worked – 10% of the hours worked (38.89) = 350.01 hours.

to reimburse a winning litigant for every expense incurred in a case.   *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964).   Instead, it must tax only those costs authorized by statute.   *EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000).

Plaintiffs seek $15,680.25 in taxable costs.   Doc. 111, at 26-27.   Only some of these costs sought are taxable under Rule 54(d) and 28 U.S.C. § 1920.   Among these permissible costs are payments to the Clerk of the United States District Court for the Middle District of Florida for issuance of a Clerk's Certification of Judgment to be Registered in Another District ($48.00) and payments to the Clerks of the United States District Courts for the Northern District of California, District of Delaware, and Eastern District of California for registration of judgment (each $46.00). 28 U.S.C. § 1920(1).   Plaintiffs are also entitled to recover their $400.00 payment to the United States District Court Clerk for filing of this action.   *Id.*

Plaintiffs also seek to recover $1,276.15 in payment to Knox Services for service of process of their Motion to Reopen for Further Proceedings, affidavits in *Game Craft I*, and the Complaint in *Game Craft II*.   Generally, service of process fees requested by a prevailing party constitute taxable costs under § 1920.   *See* 28 U.S.C. § 1920(1) (permitting taxation of the fees of the clerk and marshal as costs).   The Eleventh Circuit has held that such fees are recoverable even if service is made by private process server rather than by the marshal.   *W & O, Inc.*, 213 F.3d at 624. However, fees for private process servers may be taxed only so long as they do not exceed the fees authorized by 28 U.S.C. § 1921.   *Id.*   Pursuant to that statute and the pertinent regulations, such fees are taxed at "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses."   28 C.F.R. § 0.114(a)(3) (2013).   Because Plaintiffs have not itemized their fees for service of process, the Court is unable to determine what a reasonable amount of such fees would be and therefore cannot tax those fees unless Plaintiffs provide the necessary evidence in their response to this Report and Recommendation.

8

Similarly, Plaintiffs request fees of $758.00 and $119.04 for "reprographics" and a fee of $357.41 for "trial preparation and reprographics."  Doc. 111 at 27.  As an initial matter, § 1920 provides no basis for recovery of "trial preparation" fees standing alone.  However, the costs of photocopies are recoverable if the copies were "necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  However, "[t]he party seeking recovery of photocopying costs must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case."  *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992) (emphasis added), *aff'd*, 998 F.2d 1023 (11th Cir. 1993) (per curiam).  An unsubstantiated claim that the documents were necessary is inadequate, "since the prevailing party alone knows for what purpose the copies were made."  *Id.*

Here, Plaintiffs have failed to describe for the Court the contents of the photocopied documents (assuming that is what is meant by reprographics) and they have not explained the use or intended use of any of the copies, including whether the copies were for use in the present case or in the Hartford litigation.  Consequently, I recommend that the Court find that Plaintiffs should not be awarded costs for their reprographic fees unless they provide the necessary evidence in their response to this Report and Recommendation.

Plaintiffs also seek recovery for several categories of costs that are non-taxable under § 1920. They seek to recover payments to Roetzel & Andress for creditors' rights consultation ($871.50) and for reopening this case and filing the Motion for Sanctions ($510.00).  Section 1920 does not authorize costs for this work by counsel.

Plaintiffs also seek to recover a payment of $288.40 to Federal Express for service of demand letters on parties and instructors.  Federal Express expenses, however, are not taxable under § 1920. *See MKT Reps S.A. de C.V. v. Std. Chartered Bank Int'l (Ams.) Ltd.*, No. 10-22963-CIV-O'SULLIVAN, 2013 U.S. Dist. LEXIS 46131, at *17–18 (S.D. Fla. Mar. 28, 2013); *Four Green Fields Holdings, LLC v. Four Green Fields, an Irish Pub, Inc.*, No. 8:10-cv-2800-T-27EAJ, 2011

U.S. Dist. LEXIS 126707, at *9–10 (M.D. Fla. Oct. 17, 2011), *adopted by* 2011 U.S. Dist. LEXIS 126699 (M.D. Fla. Nov. 1, 2011).

Plaintiffs' request to tax $4,125.00 in Mediation fees to JAMS, Inc. (the mediation company in the Hartford litigation) and $1,350.00 to Fraxedas Mediation Firm.   Mediation expenses are not taxable costs under 28 U.S.C. § 1920.   *Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 846 (11th Cir. 2008) (cited as persuasive authority); *Ivory v. Holme*, 8:07-cv-2354-T-TBM, 2009 WL 1185309, at *2 (M.D. Fla. April 30, 2009).

They also seek to recover travel expenses for Mark Sweeney's airline travel to attend mediation ($762.00) and hotel stay during mediation ($1531.20), and reimbursement for Attorney Pringle's travel expenses in attending mediation ($3,075.55).   Attorney and party travel expenses generally are not recoverable under § 1920, absent extraordinary or compelling circumstances. *Kemberling v. MetLife Life & Annuity Co. of Conn.*, No. 8:06-CV-1741-T-23MAP, 2008 WL 2609402, at *1 (M.D. Fla. June 30, 2008); *George R. Hall, Inc. v. Superior Trucking Company, Inc.*, 532 F. Supp. 985, 995 (N.D. Ga. 1982).   Plaintiffs offer no evidence of any extraordinary circumstances in this case, and I note that these expenses were incurred in the Hartford litigation, not in the present case.   Additionally, § 1920 provides no basis for reimbursing the travel fees of a party.

Finally, Plaintiffs request to tax a $70.00 payment to the United States Patent and Trademark Office for certified copies of Utility Patent and Trademark registrations.   However, § 1920 does not appear to provide any basis for taxing such costs.

Accordingly, because most of the costs sought by Plaintiffs are non-taxable, I recommend that the Court award them only $586.00 in costs based on the evidence currently before the Court.

## III.   RECOMMENDATIONS.

In light of the foregoing, I respectfully **RECOMMEND** that the Court **GRANT in part** Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. No. 58).   I further **RECOMMEND** that the

Court **AWARD** Plaintiffs $140,004.00 in attorneys' fees and $586.00 in costs against Defendants David Balbi and Vector Putting, LLC, or such greater amount in costs as Plaintiffs may establish in their response to this Report and Recommendation.

<u>**NOTICE TO PARTIES**</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 22, 2016.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Judge
Courtroom Deputy Clerk
Counsel of Record